FILED BY _____ D.C.

05 OCT -5 PM 3: 51

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

LEO CLARK and LILLIE CLARK,          )
                                     )
    Plaintiffs,             )
                                     )
vs.                                  )
                                     )          No. 04-2440 BP
WALGREEN CO., and TEVA               )
PHARMACEUTICAL INDUSTRIES,           )
LTD., TEVA PHARMACEUTICALS           )
NORTH AMERICA,                       )
                                     )
    Defendants.             )

---

## REPORT AND RECOMMENDATION

---

Before the court is plaintiffs' Motion for Voluntary Nonsuit, filed on July 22, 2005 (dkt #30). Defendant Teva Pharmaceuticals ("Teva") filed its response in opposition on July 28, 2005. Defendant Walgreen filed its response in opposition on July 29, 2005. The matter was referred to the United States Magistrate Judge for report and recommendation. On August 25, 2005, the court held a hearing on the motion. Counsel for all interested parties were present and heard. For the reasons below, it is recommended that the motion be GRANTED in part.

### I.   PROPOSED FINDINGS OF FACT

Plaintiffs filed their complaint in the Circuit Court of Tennessee on May 17, 2004. In the complaint, the plaintiffs allege

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-6-05



that Leo Clark regularly takes glyburide pills by prescription to treat his diabetes.  Plaintiffs further allege that although Clark ordinarily takes blue-colored glyburide pills, on or about May 12, 2003, he went to the Walgreen's pharmacy and received green-colored glyburide pills, which were manufactured by Teva.  On May 20, 2003, the green pills allegedly caused Clark to experience stomach discomfort, rashes, and respiratory distress.  Clark was hospitalized on May 21, 2003, as a result of his reaction to the pills.

This action was removed to federal court on June 10, 2004.  On August 19, 2004, the court entered a scheduling order, directing each party to complete discovery by June 15, 2005, and requiring the plaintiffs to serve their Rule 26 expert witness disclosures by February 15, 2005.  Plaintiffs, however, did not meet this deadline.  Instead, on April 7, 2005, the plaintiffs filed a motion for extension of time to disclose their expert.  Both defendants opposed this motion.  On April 26, 2005, the court held a hearing on the plaintiffs' motion, and after that hearing, on April 28, 2005, entered an order granting the plaintiffs' motion for an extension of time to serve their Rule 26 expert witness disclosures.  The court ordered the plaintiffs to serve their expert disclosures by no later than May 16, 2005.  Plaintiffs did not meet this extended deadline.

During the course of this litigation, the plaintiffs have not

sought any discovery from the defendants.   Plaintiffs have not
propounded any document requests, interrogatories or requests for
admissions, nor have they noticed any depositions.   On July 22,
2005, the plaintiffs filed the present motion, asking the court to
dismiss the complaint without prejudice pursuant to Fed. R. Civ. P.
41(a)(2).

## II.   PROPOSED CONCLUSIONS OF LAW

Voluntary dismissals by order of the court are governed by
Federal Rule of Civil Procedure 41(a)(2), which provides that "an
action shall not be dismissed at the plaintiff's instance save upon
order of the court and upon such terms and conditions as the court
deems proper."   Whether a motion to dismiss under Rule 41(a)(2)
should be granted is within the sound discretion of the court.
Grover v. Eli Lilly and Company, 33 F.3d 716, 718 (6th Cir. 1994);
Chaskin Wells Corp. v. Reily Foods Co., No. 3:03 CV 422, 2005 WL
1899390, at *1 (E.D. Tenn. 2005) (unpublished).   The purpose of the
rule in interposing the requirement of court approval is to protect
the nonmovant from unfair treatment.   Grover, 33 F.3d at 718.   "The
decision to allow a voluntary dismissal is improper only where a
defendant would suffer 'plain legal prejudice' as a result of the
dismissal without prejudice."   Chaskin Wells, 2005 WL 1899390, at
*1; see also Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212,
217 (1947); Grover, 33 F.3d at 718.   Plain legal prejudice does not
result from the mere prospect of another lawsuit.   Grover, 33 F.3d

-3-

at 718.

The Sixth Circuit has identified four factors that a trial court should consider in determining whether a defendant will suffer plain legal prejudice by a voluntary dismissal. Specifically, the court should consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, plaintiff's explanation of the need for the dismissal and whether a motion for summary judgment has been filed by the defendant." Maldonaldo v. Thomas M. Cooley Law School, 65 Fed. Appx. 955, 956 (6th Cir. 2003) (citing Grover, 33 F.3d at 718).

Applying these four factors to the facts of this case, the court submits that Teva and Walgreen will both be prejudiced as a result of a voluntary dismissal of this case without prejudice. Teva has spent over $30,000 in litigation costs so far in defending this lawsuit,[1] while Walgreen has incurred litigation expenses of $12,700.  Moreover, although the complaint has been pending in federal court since June 10, 2004, the plaintiffs have not served the defendants with any discovery requests.  On April 28, 2005 - two months after the plaintiffs were supposed to disclose their expert - the court, with some reluctance, granted the plaintiffs' motion for an extension of time to disclose their expert.  This extended deadline expired on May 16, 2005 with no expert

---

[1] This does not include expenses for two experts.

-4-

disclosures by the plaintiffs.  It is clear that the defendants have fully complied with the court's scheduling order, and the plaintiffs have not.

Despite these numerous deficiencies in the plaintiffs' prosecution of the case and the prejudice to the defendants, the court submits that the prejudice does not rise to the level of "plain legal prejudice" that would warrant denying the plaintiffs' motion.  See, e.g., Grover, 33 F.3d at 718 (holding that trial court abused its discretion in granting voluntary dismissal without prejudice where case was pending for nine years and no cause of action existed as a matter of law against defendants); Maldonaldo v. Thomas M. Cooley Law School, 65 Fed. Appx. 955, 955-56 (6th Cir. 2003) (affirming  order denying plaintiff's motion for voluntary dismissal of his state law claims where case was pending for three years, plaintiff waited until after a motion for summary judgment was filed before moving for voluntary dismissal, and plaintiff personally prevented discovery from being completed by refusing to appear for his scheduled deposition); Chaskin Wells Corp., 2005 WL 1899390, at *1 (granting plaintiff's motion for voluntary dismissal despite acknowledging that the defendant invested "substantial time, effort, and expense" and that "the case has been excessively delayed by the plaintiff's conduct."); BD v. DeBuono, 193 F.R.D. 117 (S.D.N.Y. 2000)(granting plaintiff's motion filed sixteen months after the commencement of the action).  Here, the plaintiffs

-5-

intended to hire an expert on causation, but were unable to retain
an expert in time to meet the court's deadlines.   Plaintiffs
believe that they may be able eventually to hire an expert
(although they are uncertain how long this will take).
Furthermore, Clark filed the present motion one week before Teva
and Walgreen filed their motions for summary judgment.

However, to minimize the prejudice to the defendants, the
court recommends that the plaintiffs' motion be granted with
certain conditions.   First, if the plaintiffs refile this lawsuit
against Teva and Walgreen, they must file the action in the United
States District Court for the Western District of Tennessee.   The
court recommends this condition in order to reduce any additional
litigation costs to Teva and Walgreen.[2]   Second, discovery by the
plaintiffs in any refiled action shall be limited to expert
discovery.   The deadline for fact discovery has passed, and there
is simply no basis to allow the plaintiffs to engage in any
additional fact discovery in a refiled action.[3]

The defendants request that the court impose the additional
condition that the plaintiffs pay the defendants' attorney's fees

---

[2]At the August 25 hearing, plaintiffs stated that they agree
with this condition, and have no intention of refiling this case
in state court or any other federal court.

[3]Plaintiffs stated at the August 25 hearing that they did
not intend to engage in any fact discovery, and that the sole
basis for filing this motion for voluntary dismissal was to allow
them more time to hire an expert.   At the hearing, plaintiffs
stated that they agree with this condition.

and expenses if the case is refiled.  The court recommends that this request be denied, since the defendants in any refiled action will not have to respond to any further fact discovery, and thus will minimize the potential for duplicative litigation expenses. See BD v. DeBuono, 193 F.R.D. 117, 125 (S.D.N.Y. 2000).

### III.   RECOMMENDATION

For the reasons above, the court recommends that the plaintiffs' motion be GRANTED in part.

Respectfully submitted.

TU M. PHAM
United States Magistrate Judge


October 5, 2005
Date


### NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 43 in case 2:04-CV-02440 was distributed by fax, mail, or direct printing on October 6, 2005 to the parties listed.

---

Paul Anthony Robinson
ROBINSON LAW FIRM
147 Jefferson Ave.
Ste. 905
Memphis, TN 38103

Leland M. McNabb
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Pam Warnock Green
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

DeWitt M. Shy
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT