IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LEO CLARK and LILLIE CLARK,

    Plaintiffs,

v.                              No. 04-2440 BP

WALGREEN CO., TEVA
PHARMACEUTICAL INDUSTRIES, LTD.,
and TEVA PHARMACEUTICALS
NORTH AMERICA,

    Defendants.

---

ORDER ON DEFENDANTS' OBJECTIONS,
ADOPTING IN PART REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE AND DIRECTING THAT CASE
BE DISMISSED WITHOUT PREJUDICE

---

On October 5, 2005, Magistrate Judge Tu M. Pham, pursuant to an order of reference, entered a report and recommendation on the motion of the Plaintiffs, Leo Clark and Lillie Clark (collectively, "Clark"), pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, for voluntary nonsuit filed July 22, 2005. It was recommended that the motion be granted with certain conditions.[1] Specifically, it was the opinion of the magistrate judge that (1), if the Plaintiffs refile this lawsuit against Defendants, Teva Pharmaceutical Industries, Ltd. and Teva Pharmaceuticals North America ("TEVA") and Walgreen Co. ("Walgreen"), the action must be filed in the United States District Court for the Western District of Tennessee in order to reduce additional litigation costs to the

---

[1] Fed. R. Civ. P. 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper" where no stipulation of dismissal signed by all parties was filed or where no notice of dismissal was filed before service of an answer by the adverse party. In this case, neither of these exceptions applies.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-10-05

Defendants, and (2) discovery by the Plaintiffs in any refiled action must be limited to expert discovery. TEVA has filed objections to the report and recommendation, joined by Walgreen, in which the Defendants argue that, based upon the Plaintiffs' failure to move this case forward, (1) the action should be dismissed with prejudice or (2), if permission is given to refile in this Court, that such refiling require payment by the Plaintiffs of the Defendants' attorney's fees, costs and expenses incurred to date. The Plaintiffs have filed no response to the objections.

This matter was brought by the Plaintiffs, who are represented by counsel, alleging that Mr. Clark was made ill by medication purchased from Walgreen and manufactured by Teva. In a scheduling order entered August 19, 2004, the Court directed that discovery be completed by June 15, 2005 and that the Plaintiffs serve their Fed. R. Civ. P. 26 expert witness disclosures by February 15, 2005. Clark failed to adhere to the deadline and, nearly two months later, moved for an extension of time in which to disclose their expert. The Defendants opposed the motion and, on April 26, 2005, the Court heard the parties on the issue. In an order entered April 28, 2005, the Court granted the motion and extended the deadline for Plaintiffs' expert disclosures to May 16, 2005. Again, the Plaintiffs failed to comply with the Court's directive. Over two months later, the Plaintiffs sought voluntary dismissal. Moreover, as noted by the magistrate judge, throughout the pendency of this litigation no discovery whatsoever has been propounded by the Plaintiffs.

Based upon a de novo review of the case file, the magistrate judge's report and the parties' submissions, the Court concurs with the recommendations that the case be dismissed without prejudice and, should the Plaintiffs decide to refile the action, that it be brought in this Court. However, the Court disagrees with the magistrate judge that, upon refiling, the Plaintiffs be limited to expert discovery. The deadline for the Plaintiffs' expert disclosures, as extended, has expired.

The Court finds no legitimate reason to reopen that deadline based solely on the Plaintiffs' statement at the hearing before the magistrate judge that additional time was needed to hire one. As to the Defendants' argument that Clark should be required to pay their attorney's fees and expenses before refiling, the Court declines to impose that condition and adopts the magistrate judge's conclusions. Accordingly, in the event this lawsuit is refiled, *all* the Plaintiffs' discovery, including that involving expert witnesses, will be deemed closed. For the reasons articulated herein, the Court DISMISSES this matter without prejudice and imposes the conditions and limitations set forth herein if Clark refiles this lawsuit.

IT IS SO ORDERED this 9th day of November, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 46 in case 2:04-CV-02440 was distributed by fax, mail, or direct printing on November 10, 2005 to the parties listed.

---

Leland M. McNabb
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

DeWitt M. Shy
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Pam Warnock Green
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Paul Anthony Robinson
ROBINSON LAW FIRM
147 Jefferson Ave.
Ste. 905
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT